UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CUSTOM IRON BY JOSH, LLC** | * | CIVIL ACTION |
| | * | |
| **Plaintiff** | * | |
| | * | NO. |
| **VERSUS** | * | |
| | * | |
| | * | JUDGE |
| **GREAT LAKES INSURANCE SE** | * | |
| | * | |
| **Defendant.** | * | MAGISTRATE JUDGE |
| | * | |
| | * | |

## NOTICE OF REMOVAL

Defendant, Great Lakes Insurance SE ("Defendant"), appearing through undersigned counsel with a full reservation of rights, respectfully avers as follows:

1.

On or about August 27, 2021, plaintiff, Custom Iron by Josh, LLC ("Plaintiff"), filed this action in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, entitled "*Petition for Breach of Contract, Penalties and Attorneys Fees Pursuant to LA. R.S. § 22:1982 and § 22:1973*," (the "Petition") bearing Docket Number 2021-3756. (A copy of the Petition is attached hereto in accordance with 28 U.S.C. § 1446(a) as Exhibit "1.").

2.

Great Lakes Insurance SE, the only named defendant, was served through the Louisiana Secretary of State on November 16, 2021. *See* Exhibit "2." Thus, this Notice of Removal of the

case to the United States District Court is timely filed, it being filed no more than thirty (30) days after service of the Petition, in accordance with 28 U.S.C. §§ 1441 and 1446.

3.

Plaintiff is a Louisiana limited liability company whose members are domiciled in Calcasieu Parish, Louisiana. *See* Exhibit "1," Petition, ¶1. Great Lakes Insurance SE is a wholly owned subsidiary of Munich RE Group, a German Insurance Co. based in Munich, Germany with its principal place of business located therein. There are no other defendants. Therefore, there is complete diversity between plaintiff and defendant.

4.

In the Petition, plaintiff alleges that Defendant insured the property located at 625 Broad Street., Lake Charles, Louisiana (the "Property") under Policy No. CLIC050720. *See* Exhibit "1", Petition ¶ 3. Plaintiff further alleges that the Property was significantly damaged by Hurricane Laura and that Defendant underpaid Plaintiff's claims. *See* Exhibit "1," Petition ¶¶ 5-12. According to Plaintiff, it is entitled to all amounts owed under the Policy that remain unpaid. *See* Exhibit "1," Petition ¶10. Plaintiff further alleges that Defendant's failure to timely pay proceeds under the policy was arbitrary and capricious, entitling plaintiff to penalties and attorneys' fees under La. R.S. 22:1892 and 22:1973. *See* Exhibit "1," Petition ¶¶, 13-19. Additionally, Plaintiff seeks payment for consequential damages including increased cost of construction, loss of business opportunity, mental anguish, emotional distress, and inconvenience. *See* Exhibit "1," Petition ¶¶, 17.

5.

The Property is subject to the following Policy limits: $300,000 Building and $50,000 Contents. Given that the amount in controversy with respect to policy proceeds alone exceeds

$75,000, and that plaintiff is additionally seeking consequential damages, statutory bad faith penalties and attorneys' fees, the amount in controversy easily exceeds $75,000. *See, e.g., Doyle v. Allstate Insurance Co.*, No. 06-1521, 2006 WL 3916579, at *1 (W.D. La. Nov. 29, 2006) (factoring at least $15,000 in attorneys' fees on a $60,000 bad faith claim); *see also Tillman v. Balboa Life & Cas.*, 06-9851, 2007 WL 1235437, at *2 (E.D. La. Apr. 26, 2007) (policy limits of $64,621 plus penalties and attorneys' fees was more than sufficient to satisfy amount in controversy requirement).

6.

This Court has original jurisdiction over this action, and this case may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a), in that the captioned matter is a "civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

7.

Additionally, Plaintiff has not filed a binding stipulation or affidavit with its Complaint renouncing its right to accept a judgment in excess of $75,000. The Fifth Circuit has held that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a **binding** stipulation or affidavit with their complaints; once a defendant has removed the case… later filings [are] irrelevant." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added).[1]  In other words, to avoid federal jurisdiction, a plaintiff must **<u>affirmatively renounce</u>** his right to damages in excess of $75,000.00.

---

[1] Moreover, because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiffs must show with legal certainty that their claims are less than $75,000. La.Code Civ. Proc. Art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 *3 (E.D. La. 2003).

For example, in *Davis v. State Farm Fire & Casualty*, 2006 WL 1581272 (E.D. La. 6/7/2006) (Vance, J.), the Court reviewed two verified statements similar to the one signed by the Plaintiff in this matter: (1) "that damages arising from this matter are less than $75,000"; and (2) that "[t]he sum total of all the relief prayed for in this Petition does not exceed $75,000."  The Court held that both statements were ineffective to divest the Court of diversity jurisdiction: the statements did "not establish to a legal certainty that the amount in controversy at the time of removal was less than $75,000, because [they did] not include a renunciation of the right to enforce a judgment in an amount greater than $75,000."  *Id. See also Kaplan v. Prime Demolition & Disposal, LLC*, No. 08-4714, 2008 WL 5264024 *2 (E.D. La. Dec. 18, 2008) (Africk, J.) (plaintiff's purported stipulation in his petition "that all of his damages in this case do not exceed $75,000.00" held insufficient to defeat remand because the plaintiff did not "affirmatively renounce[] his right to accept a judgment in excess of $75,000" ); *McKay v. State Farm Ins. Co*., No. 06-5238, 2006 WL 3332831 *2-3 (E.D. La. Nov 15, 2006) (Africk, J.) (same).  Here, the Plaintiff has not filed such a binding stipulation.  Therefore, and in addition to the law and reasoning cited above, the amount in controversy requirement of 28 U.S.C. § 1332 has been met.

8.

Defendant has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record and has also provided notice to the Clerk of Court for the 14th Judicial District Court, Parish of Calcasieu through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.  (The Notice of Filing of Notice of Removal is attached hereto as Exhibit "3.").

TPV 4879-5812-8646
2919518-000420

WHEREFORE, defendant, Great Lakes Insurance SE, prays that this matter be removed to the United States District Court for the Western District of Louisiana, Lake Charles Division, for further proceedings and disposition.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

BY:    */s/Tessa P. Vorhaben*
        MATTHEW A. WOOLF (#27146)
        TESSA P. VORHABEN (#31293)
        201 St. Charles Avenue, Suite 3600
        New Orleans, Louisiana 70170
        Telephone: (504) 566-5200
        Facsimile: (504) 636-4000
        Email    mwoolf@bakerdonelson.com
                   tvorhaben@bakerdonelson.com

**ATTORNEYS FOR GREAT LAKES INSURANCE SE**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this the 9th day of December 2021, the foregoing Notice of Removal was served on all counsel of record via United States mail.

        */s/Tessa P. Vorhaben*
        TESSA P. VORHABEN

TPV 4879-5812-8646
2919518-000420